UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA, :
:
    Plaintiff :
:
        v. :   No. 1:05-cr-133-jgm-1
:
RICHARD E. MOSES, JR., :
:
    Defendant. :
_____:

DECISION AND ORDER
ON PETITIONS FOR REMISSION OF FORFEITURE BY
RICHARD MOSES, SR. AND CRYSTAL MOSES, AND THE
GOVERNMENT'S RENEWED MOTION TO DISMISS THE PETITIONS
(Docs. 291, 301, 303, 340)

Richard Moses, Sr. and Crystal Moses have filed third-party verified petitions for remission of forfeiture under 21 U.S.C. § 853(n)(2)-(3), asserting an interest in sums in Account 504001 at Windsor Orange County Credit Union, subject to forfeiture in the above-captioned criminal case. Richard Moses, Sr., through his attorney, petitioned on September 27, 2010 for $72,288.88, asserting the sum was loaned to his son, Defendant Richard E. Moses, Jr., to complete construction on a house. (Doc. 291.) Crystal Moses, proceeding pro se, petitioned on October 19, 2010 for $860 as past-due child support from the Defendant, her ex-husband, and $3,500 as money owed for her services in facilitating the sale of Defendant's real estate in South Royalton, Vermont. (Docs. 301, 303.) The Government has moved to dismiss the three petitions. (Doc. 340.)

I.   BACKGROUND

On August 11, 2008, Defendant Richard E. Moses, Jr. pleaded guilty to conspiring to distribute more than five kilograms of cocaine, conspiring to possess a firearm in relation to the drug conspiracy, and attempting to kill one of his suppliers to prevent his testimony in the criminal proceeding.  The Superceding Indictment sought forfeiture of any and all property constituting or derived from proceeds of the drug conspiracy and any facilitating property.  Following a forfeiture hearing, the Court on September 7, 2010, ruled $120,437.26 in Moses' Windsor Orange County Credit Union account was forfeitable as proceeds from the sale of a South Royalton spec house that were tainted as proceeds of the drug conspiracy.  (Doc. 282 at 17.)  The Preliminary Order of Forfeiture issued on September 16, 2010 (Doc. 285), and the third-party petitions at issue here followed soon thereafter.

This Court held a hearing on the petitions on August 3, 2011.  Both Petitioners testified in support of their claims.  Both conceded they had no ownership interest in the seized account, nor any security arrangements or agreements with respect to the sums in the account.

Two days after Defendant's first arrest, he transferred a 4.8 acre parcel in South Royalton and a property known as "the Hatchery" to his father, Richard Moses, Sr., for no

2

consideration. Moses, Sr. subsequently transferred those properties to third parties and received $70,000 in exchange. See Exs. 190, 191, 207, 208 in the June 1, 2009 forfeiture hearing. Moses, Sr. claims he paid a $625.82 bill incurred by his son in November 2005 before his arrest, and made him several cash loans after his first arrest, which funds Moses, Sr. believed, but could not verify, were spent on the South Royalton property. Some of the loans are reflected in checks paid for supplies for the South Royalton house, while others were cash loans.

Crystal Moses testified that in March 2006 she received $42,000 from the closing on the South Royalton property and in April 2006, following Defendant's second arrest and seizure of the credit union account, she paid Defendant $30,000 in exchange for two of the 4.8 acres comprising the South Royalton property. The remainder of the property was kept by a third party. Crystal Moses also testified she had no documents to support her claim that she paid a contractor $3,500 to complete work on the South Royalton property before closing. She was unable to explain why she paid Moses $30,000 in April 2006 if he owed her the funds for the contractor.

II. DISCUSSION

Richard Moses, Sr. and Crystal Moses petition for remission of forfeiture as third parties asserting a legal interest in sums

in an account subject to forfeiture in this criminal case. See 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c). To withstand a motion to dismiss for lack of standing in an ancillary proceeding, a petitioner must establish either (1) a superior legal interest in the property at the time of the acts giving rise to forfeiture, or (2) that petitioner was a bona fide purchaser for value without cause to believe the property was forfeitable. 21 U.S.C. § 853(n)(6).

The Government argues this Court has already ruled the contents of the Windsor Orange County Credit Union account were proceeds of the drug conspiracy and therefore Petitioners cannot assert a preexisting interest in the forfeited property, and that even if the funds were not proceeds of the crime, Petitioners are general unsecured creditors whose interest in the forfeited funds cannot be superior to that of the Government. Indeed, Petitioners have failed to demonstrate, under 853(n)(6)(a), that their interest was vested at the time of the commission of the acts giving rise to criminal forfeiture. See United States v. Hooper, 229 F.3d 818, 821-22 (9th Cir. 2000) (requirement that third party's interest be vested at time of commission of the crime means § 853(n)(6)(A) "is likely never to apply to proceeds of the crime"). Furthermore, even if the funds were not proceeds, Petitioners' claims are those of unsecured creditors and are insufficient to defeat the Government's interest in the

4

funds.  See United States v. Schwimmer, 968 F.2d 1570, 1581 (2d Cir. 1992) ("general creditor has no interest in a particular asset or particular funds that is either vested or superior to a defendant's"); United States v. Butera, 2006 WL 1195473, at *2 (S.D. Miss. May 2, 2006) (citing rule that "standing alone, a child support obligation is not sufficient to create a legal interest in a particular, specific asset").

Furthermore, neither of the Petitioners can establish he or she was a bona fide purchaser for value.  See United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997) (affirming district court's conclusion that "[a]s holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specific funds").

III. CONCLUSION

Therefore, the Government's renewed motion to dismiss the verified petitions of Richard Moses, Sr. and Crystal Moses (Doc. 340) is granted because Petitioners have no standing to assert their claims.  The petitions (Docs. 291, 301, 303) are hereby dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of February, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge